NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 5, 2022[*]
Decided August 15, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

| | |
|---|---|
| No. 21-3071 | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| LOGAN A. OWSLEY, *Plaintiff-Appellant*, | |
| *v.* | No. 1:15-cv-00552-RLY-MJD |
| MARK E. GORBETT, *et al.*, *Defendants-Appellees*. | Richard L. Young, *Judge*. |

## O R D E R

Logan Owsley contends that defendants lost or destroyed evidence that could have been the basis of a suit in state court, in which several persons would have been accused of murdering his father, Cary Owsley. In this federal suit, Logan maintains that spoliation of evidence creates a claim (denial of access to the courts) actionable under 42 U.S.C. §1983 and related statutes.

The district court initially dismissed Logan's suit for lack of standing. We held that Logan has standing and that any deficiency in this claim concerns the merits rather

---

[*] We have unanimously agreed to decide the case without argument because the briefs and record adequately present the facts and legal arguments, and argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

than justiciability. 960 F.3d 969 (7th Cir. 2020). On remand, the district court ruled in defendants' favor on the merits. 2021 U.S. Dist. LEXIS 218608 (S.D. Ind. Nov. 3, 2021).

The district court gave two principal reasons.

First, defendants did not do anything that prevented Logan from recognizing the existence of a legal claim and filing suit on it. To the contrary, Logan concluded almost immediately that his father had been murdered and quickly decided who was at fault (his stepmother, the stepmother's two sons, and a relative who was a deputy sheriff). The state courts were open to a suit based on that claim. Spoliation of evidence might have hampered recovery, but spoliation is the basis of an adverse inference—and it would have been no greater hindrance to recovery in state court than to proving damages in Logan's federal suit.

Second, Logan's claim rests on an assignment from Cary's Estate. This means that a foundational question is whether spoliation of evidence frustrated the Estate's ability to litigate in state court. The unambiguous answer to that question is "no." The Estate, with Cary's wife Lisa as executor, did not want to litigate. Instead Lisa told both Logan and the state judiciary that Cary had committed suicide. Logan asked state judges to appoint him as the executor in Lisa's stead, to facilitate litigation of a murder claim; Indiana's courts declined.

So when the Estate assigned to Logan whatever access-to-courts claim it had, it did not transfer a winnable claim. Because the Estate neither wanted to litigate against the supposed wrongdoers, nor was prevented from doing so, Logan loses on the merits, just as the district judge concluded.

AFFIRMED